Curia, per

Butler, J.
From the way this case went to the jury, they had a right to say that defendant had no probable cause for his proceeding. Under the circumstances, the plaintiff could not have asked for more. He had an opportunity to obtain a verdict upon the only view of the facts which could have authorized it. For my brethren are all of opinion that from the most obvious view which could have been taken of the case, defendant had probable cause for his complaint to the justice. Had he reasonable grounds to believe that plaintiff was informed of all the circumstances under which the hog was taken ? to wit: that the negroes *had caught a hog, which they were informed belonged to the defendant; and did they carry it to plaintiff, and tell him all the circumstances ? If so, plaintiff was wrong in countenancing his negroes in a highly censurable and reprehensible proceeding. He did not, perhaps, intend to be dishonest himself, but he was sustaining his negroes in dishonesty.
In this point of view, defendant had reasonable cause for instituting some proceeding to reclaim his property, and to prevent future depredations on it. As a generous neighbor, he might have forborne; but legally, he was under no obligation to do so. It is the duty of the Judge to present the facts, in their different points of view, when they are controverted, and to say, according to one or the other view, there would or would not be probable cause. There can be no artificial rules for presenting alternatives to a jury. Where, as in this case, the facts were disputed, and were susceptible of different views, so far as the motives of the parties were concerned, the Judge could not have taken on himself to rule, positively, one way or the other. The case, under such circumstances, properly went to the jury; and the facts were so explained, as to present the alternatives for their consideration and decision.
It is only in cases where the facts are not disputed, that a Judge should take upon himself the responsibility of saying what is probable cause. It is only in such a case, that the question of probable cause is entirely one of law.
In none of the cases referred to by plaintiff’s counsel, did the Judge undertake to decide himself, what was probable cause, where the facts were at all disputed. The cases in 22 E. C. L. R. 53 and 196, presented no new question. In one, the C. J. decided that defendant had probable cause for the prosecution against the plaintiff, and nonsuited *237 the plaintiff; but the facts in that case were not at all disputed, and the Judge was obviously right. In the other case, the facts were complicated and disputed, and all the Judges said there could be no definite and uniform rule laid down in such cases. The general rule is recognized, that where the facts are contested, probable cause is a mixed question of law and fact, to be decided by the jury, under the instructions and explanations of the presiding Judge. In these instructions, the different alternatives must be presented; that is, upon the assumption of one state of facts, or another, the Judge must say what would or *would not constitute probable cause. An attempt to subject every case to abstract and artificial rules, is vain. Each case must, and will, be modified by its own circumstances, to some extent.
See Horn vs. Boone, 3 Strob. 309; Campbell vs. O’Brien, 9 Rich. 207. An.
It is enough to say, that in the case under consideration, the plaintiff has no cause to complain of the manner in which his case was submitted to the jury. If the verdict had been against the defendant, he, perhaps, might have complained that the Judge did not interpose, to prevent a verdict being rendered against him.
The motion for a new trial is refused.
RjciiaRdson, O’JSTeall, and Evans, JJ., concurred.